**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**

KETZYA RIOS,

     Plaintiff,                            Civil Action No: 0:19cv62061

                                       **DEMAND FOR JURY TRIAL**

v.

THE LAW OFFICES OF MITCHELL D. BLUMH &
ASSOCIATES, LLC, CF MEDICAL, LLC, CAPIO
PARTNERS, LLC, and EMERGENCY PHYSICIANS
SOLUTIONS OF SOUTH FLORIDA, LLC

     Defendants

_____/

## COMPLAINT

1.     Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*. ("FCCPA").

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action and all counts under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k.

3.     Venue in this District is proper under 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred here.

4.     This Court has supplemental jurisdiction for any state law claims under 28 U.S.C. §§ 1367.

## PARTIES

5.      Plaintiff, Ketzya Rios, is a natural person, and citizen of the State of Florida, residing at 3854 Lyons Rd, Apt 204, Coconut Creek, Florida 33703 located in Broward County, Florida.

6.      Plaintiff is a "Consumer" meaning any natural person obligated or allegedly obligated to pay any debt.

### Defendant Mitchell D. Blumh & Associates, LLC

1.      Defendant, Mitchell D. Blumh & Associates, ("MBA"), is a corporation organized under the laws of the State of Georgia. Its principal place of business is at 3400 Texoma Pkwy, Suite 100, Sherman, TX 75090.

2.      Defendant MBA is registered with the Florida Department of State Division of Corporations as a corporation. Its registered agent for service of process is CT Corporation System, at 1200 South Pine Island Rd, Plantation, FL 33324.

3.      Defendant MBA is registered with the Florida Office of Financial Regulation as a consumer collection agency.

4.      Defendant MBA regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

5.      Defendant MBA is a "debt collector" as defined in the FDCPA.

### Defendant CF Medical, LLC:

6.      Defendant, CF Medical, LLC. ("CFM"), is a corporation organized under the laws of the State of Nevada. It is a citizen of the State of Nevada with its principal place of business at 4730 South FT Apache Rd, Suite 300, Las Vegas, NV 89147.

7.      Defendant CFM is registered with the Florida Department of State Division of

Corporations as a foreign limited liability company. It's registered agent for service of process is CT Corporation System, at 1200 South Pine Island Rd, Plantation, FL 33324.

       8.      Defendant CFM is a "person" and "creditor" as defined in the FCCPA.

**Defendant Capio Partners, LLC:**

       9.      Defendant, Capio Partners, LLC ("Capio"), is a corporation organized under the law of Texas. Its principal place of business is at 3400 Texoma Pkwy, Suite 100, Sherman, TX 75090.

       10.     Defendant Capio is registered with the Florida Department of State Division of Corporations as a corporation. Its registered agent for service of process is CT Corporation System, at 1200 South Pine Island Rd, Plantation, FL 33324.

       11.     Defendant Capio is registered with the Florida Office of Financial Regulation as a consumer collection agency.

       12.     Defendant Capio regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

       13.     Defendant Capio is a "debt collector" as defined in the FDCPA.

       14.     Defendant Capio is a "person" and "creditor" as defined in the FCCPA.

**Defendant Emergency Physicians Solutions of South Florida, LLC:**

       15.     Defendant Emergency Physicians Solutions of South Florida, LLC ("EPS"), is a corporation organized under the law of Texas. Its principal place of business is at 7700 West Sunrise Blvd, Mailstop PL-6, Plantation, FL 33322.

       16.     Defendant Emergency Physicians Solutions of South Florida, LLC is registered with the Florida Department of State Division of Corporations as a corporation. Its registered agent for service of process is Corporation Service Company, at 1201 Hays St, Tallahassee, FL

32301.

17.     Defendant Emergency Physicians Solutions is a "person" and "creditor" as defined in the FCCPA.

## FACTUAL ALLEGATIONS

18.     Plaintiff incorporates Paragraphs 1 through 17.

19.     On June 28, 2019 Defendant MBA sent a collection letter ("Letter" See "Exhibit A") to Plaintiff on behalf of Defendant CFM to collect an alleged debt for Emergency Physician Solutions of South Florida, LLC with account numbers 001463780 and 1763824 for an original balance of $1,289.00, hereafter referred to as "Consumer Debt".

20.     The Consumer Debt was for personal, household, or family purposes that arose from an alleged emergency room visit by the Plaintiff at Kendall Regional Hospital in Miami, Florida.

21.     During Plaintiff's medical admission, Plaintiff provided her United Healthcare health insurance information ("Health Insurance") to the hospital.

22.     Defendant EPS never filed a claim with Plaintiff's Health Insurance.

23.     Since Defendant EPS failed to file a claim with the Plaintiff's Health Insurance, Plaintiff's payment was never paid out.

24.     Plaintiff contacted her Health Insurance several times and asked them to issue payment but was told nothing was denied because a claim had not been filed.

25.     At some time, Defendant EPS discovered they missed the deadline to file a claim for pay with Plaintiff's Health Insurance so Defendant EPS sold the alleged debt of $1,289.00 to Defendant Capio.

4

26.      According to Defendant Capio's website, Defendant Capio is a medical debt buyer.

27.      Defendant Capio reported the Consumer Debt on Plaintiff's credit report until the account was transferred to Defendant CFM.

28.      Plaintiff contacted Defendant Capio and disputed the debt over the phone. Defendant Capio informed Plaintiff that she did not owe $1,289.00 since she has insurance and that Plaintiff paid her copay at the hospital during the time of service.

29.      Further, when Plaintiff asked Defendant Capio why she did not receive a bill from Capio or EPS, Defendant Capio told Plaintiff they had an incorrect address on file for her.

30.      At a time better known to Defendants, the Consumer Debt was sold or transferred to Defendant CFM.

31.      Defendant CFM contracted Defendant MBA to collect the Consumer Debt.

32.      On June 28, 2019, Defendant MBA mailed a "Collection Letter" to the Plaintiff alleging a past due balance of $1,289.00. See Exhibit "A."

33.      The Plaintiff owes nothing to any of the Defendants and the Defendants attempts to collect $1,289 is an unfair and unconscionable means to collect or attempt to collect a debt.

34.      For these reasons, Defendants MBA, CFM and Capio have violated the FDCPA and Defendant EPS has violated the FCCPA.

**COUNT I**
**VIOLATION OF 15 U.S.C §1692e & §1692f**
**AGAINST DEFENDANTS MBA, CFM, and CAPRIO**

35.      Plaintiff incorporates Paragraphs 1 through 34.

36.     Section §1692e prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt. Including:

(1)     The false representation of – the character, amount, or legal status of any debt, 15 U.S.C. §1692e(2); and

(2)     The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. 15 U.S.C. §1692e(10).

37.     Section §1692f prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt. Including:

(1)     The collection of any amount (including interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

38.     Defendants MBA, CFM, and Caprio have violated the FDCPA when they attempted to collect $1,289.00 from the Plaintiff when in fact the Plaintiff owed the Defendants nothing.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant MBA for:

(1)     Statutory Damages and injunctive relief;

(2)     Attorney's fees, litigation expenses and costs of suit; and

(3)     Such other or further relief as the Court deems proper.

### COUNT II
### VIOLATION OF Fla. Stat. §559.72 AGAINST EPS

39.     Plaintiff incorporates Paragraphs 1 through 38.

40.     The FCCPA prohibits numerous practices in the collection of consumer debts, including: "In collecting consumer debts, no person shall: claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. §559.72(9).

41.     Defendant EPS failed to file a timely claim with Plaintiff's insurance company.

42.     Then, at a date better known to Defendant EPS, it attempted to collect and enforce payment for $1,289.00 from Plaintiff and then sold the Consumer Debt to Defendant Capio for collection.

43.     Defendant EPS knew that the Consumer Debt was not legitimate because EPS had failed to file a claim with Plaintiff's insurance company United Healthcare but EPS still attempted to collect $1,289.00.

44.     Therefore, for these reasons, since Defendant CFM knew it did not have the legal right to claim, attempt, or threaten to enforce payment on the Consumer Debt, it violated the FCCPA by attempting to enforce payment from Plaintiff for $1,289.00.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant CFM for:

(1)     Actual and Statutory Damages;

(2)     Attorney's fees, litigation expenses and costs of suit;

(3)     declaring that Defendant's communication with Plaintiff violates the FCCPA;

(4)     permanently enjoining Defendant from direct communication with Plaintiff; and

(5)     Such other or further relief as the Court deems proper.

## JURY DEMAND

45.    Plaintiff demands trial by jury.

Respectfully Submitted,

**THE LAW OFFICES OF JIBRAEL S. HINDI**

_/s/ Jibrael S. Hindi_ .
Jibrael S. Hindi
Florida Bar No.: 118259
E-mail: jibrael@jibraellaw.com
110 SE 6th Street, Suite 1744
Fort Lauderdale, FL 33301
Phone: 954-907-1136
Fax: 855-529-9540